UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Merrill Lynch, Pierce, Fenner & Smith
Incorporated,

        Plaintiff,

v.

Scott C. Nicol,

        Defendant.
_____/

Case No. 14-10262

Honorable Nancy G. Edmunds

## ORDER GRANTING MOTION TO ENTER ARBITRATION AWARD[2]

Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated has moved the Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration award and enter final judgment in this matter. Defendant Scott C. Nicol, having been served, has not responded to Plaintiff's complaint or motion.

Plaintiff secured the arbitration award as a result of Defendant's failure to fully repay a loan for $899,101.00. The award was granted by way of the Financial Industry Regulatory Authority's (FINRA) Dispute Resolution system because Defendant was an employee of Plaintiff and the loan was made in connection with his employment. The award specifies that: 1) Defendant is liable for and shall pay to Plaintiff $382,220.88; 2) Defendant is liable for and shall pay to Plaintiff interest on the aforementioned sum in the amount of $54.98/day from and including March 19, 2013, through and including the date the award is paid in full; 3) Defendant is liable for and shall pay to Plaintiff the sum of $7,300.00 in attorney fees pursuant to the terms of the loan.

Plaintiff seeks additional attorney fees[1] in the amount of $10,607.50, plus continuing fees incurred to-date as a result of its attempt to enforce the arbitration award, including initiating these proceedings.

The Sixth Circuit has stated that:

> Section 9 of the Federal Arbitration Act is clear that confirmation is a summary proceeding and the court must confirm the award where the award is not vacated, modified or corrected: "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Thus, the plain language of the Federal Arbitration Act presumes that arbitration awards will be confirmed, and our limited role in confirming an arbitration award under the Federal Arbitration Act is well settled.

*Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005).

There is nothing to suggest to the Court that the arbitration award has been "vacated, modified, or corrected as prescribed" by the Federal Arbitration Act. 9 U.S.C. § 9. The Court, therefore, as directed by the Federal Arbitration Act and applicable Sixth Circuit precedent, hereby GRANTS Plaintiff's motion and ORDERS Plaintiff to submit a proposed final judgment, including a final amount for interest at the rate laid out in the arbitration award and for attorney fees along with supporting affidavits within fourteen days of the entry of this Order.

SO ORDERED.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

---

[1] Defendant agreed to pay costs of collection, including reasonable attorney fees in both the promissory note and the modified promissory note upon which the arbitration award is based.

Dated:  April 2, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2014, by electronic and/or ordinary mail.

                                    s/Carol J. Bethel
                                    Case Manager